GEORGE D. CRAGIN, APPELLANT, *v.* ELIZA A. QUITMAN, INDIVIDUALLY, AND AS EXECUTRIX, &c., OF LOUISE S. QUITMAN, DECEASED, RESPONDENT.

*Demurrer—will not lie unless the defect appears on the face of the pleading demurred to.*

Where, in an action brought to recover damages for a failure of the defendant to perform an agreement as to the sale of a plantation, alleged in the com-

plaint to be situated in the State of Louisiana, the defendant, in her answer, set up as a counter-claim that the plaintiff, while in possession of "Live Oaks," "the said plantation," unnecessarily injured, wasted and damaged it to the amount of not less than $10,000, it nowhere appearing from the said answer, except by reference to the complaint, that the plantation was situated in another State, a demurrer to the counter-claim on the ground that the court had no jurisdiction of the subject thereof—as being founded upon an injury to real property situated in another State—cannot be sustained.

APPEAL from an interlocutory judgment in favor of the defendant, entered upon a decision overruling a demurrer interposed by the plaintiff to a counter-claim set up in the defendant's answer.

The complaint alleged an agreement made by the defendant and her testatrix, her sister, that the plaintiff should be allowed to gain title to a certain plantation in Louisiana, known as "Live Oaks," upon payment of certain mortgage notes held by the said defendant and her testatrix, the part performance of the agreement by the plaintiff, his willingness to perform the remainder, and the breach of the agreement by the defendant and her testatrix, and demanded judgment for $10,000 damages for the breach of the said contract.

The defendant answered, denying the making of the said agreement, and setting up a counter-claim in the following language:

"*Fourth.*—For a fourth and further answer, defendant alleges, upon information and belief, that during the time while plaintiff was in possession of the said "Live Oaks," claiming to be owner, and at the time the improvements on the said premises are alleged to have been made by him, and while recognizing the validity of defendant's lien, and as part of the same transaction out of which the alleged cause of action arises, this plaintiff unnecessarily broke, destroyed, injured and wasted the said plantation and the fences, buildings, out-buildings, fixtures, appurtenances and improvements to the property, and so carried on the business of the plantation and conducted the tillage and cultivation thereof, that the same was greatly damaged, in the amount of at least $6,000, for which sum defendant asks judgment, and which amount she counter-claims in this action."

To this counter-claim the plaintiff demurred on the ground that it appeared that the court had not jurisdiction of the subject thereof.

*Edward B. Cowles*, for the appellant.

*J. Newton Fiero*, for the respondent.

DYKMAN, J.:

An action for the recovery of damages for injury to real property cannot be sustained out of the territory where the injury was committed. When the cause of action is necessarily local the territorial jurisdiction is exclusive. It has accordingly been long settled that an action for damages done to real property in one of the other States of this Union cannot be maintained in the courts of this State. (*Watts* v. *Kinney*, 6 Hill, 82; *American Union Telegraph Co.* v. *Middleton*, Court of Appeals, March 10, 1880, not reported.)

It seems to have been assumed that the counter-claim set up in the amended answer of the defendant in this action, to which the plaintiff interposed a demurrer, is for injury to real property outside of the State of New York, but the difficulty is that the fact does not appear on the face of the answer. The only fact stated is, that the injury and waste complained of were done on the plantation called the Live Oaks, but where the land is situated is nowhere alleged in the answer. The answer refers to the Live Oaks mentioned in the complaint, and if we were at liberty to turn to the complaint it would be found, there alleged, that the plantation mentioned is located in the State of Louisiana. This will not suffice. The plaintiff can only demur to a counter-claim, or a defense consisting of new matter contained in an answer, on the ground that it is insufficient in law on the face thereof. (Code Civ. Pro., § 494.) As, therefore, the insufficiency of the answer does not appear on its face, the objection to it cannot be raised by demurrer. It can only be raised on the trial after the facts are disclosed by the testimony.

The judgment appealed from must be affirmed, with costs.

Gilbert, J., concurred ; Barnard, P. J., not sitting.

Judgment affirmed, with costs.